UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CESAR GARCIA, | No. ED CV 11-01588-JAK (VBK) |
| Plaintiff, | ORDER RE DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| CHRIS PESKATELA, et al., | |
| Defendants. | |

Pro se Plaintiff Cesar Garcia (hereinafter referred to as "Plaintiff") filed a Complaint for "Civil Rights Pursuant to 42 U.S.C. § 1983" on October 11, 2011, pursuant to the Court's Order re Leave to File Action Without Prepayment of Full Filing Fee.

**BACKGROUND**

Plaintiff alleges that while he was incarcerated at the Indio Jail in January of 2009 he was brutally attacked. Plaintiff alleges that Defendants Indio Police Officer Peskatela, Sheriff's Deputy Diaz and Sheriff's Deputy Reicko failed to protect him from harm and were deliberately indifferent in

1

violation of the Eighth Amendment to the United States Constitution. Plaintiff also contends that Defendants were unprofessional and negligent. (See Complaint at 3, 5 and attached pages.)

Plaintiff alleges in October 2003 he was approached by Indio police officers regarding a homicide that took place at the apartment complex where Plaintiff resided. Plaintiff alleges he was cooperative upon being questioned by Defendant Officer Peskatela.

Plaintiff alleges two weeks later he was arrested for sales and possession of firearms. Plaintiff was again questioned by Defendant Officer Peskatela and booked into Indio Jail and then released on bond. Subsequently, in August of 2005 Plaintiff was convicted of the sales and possession of firearms charges and spent two years in state prison.

Plaintiff alleges in 2006 while incarcerated at North Kern State Prison he was contacted again regarding the homicide and was informed that a suspect had been apprehended. The suspect was someone Plaintiff had briefly known. Plaintiff was questioned and asked whether he would testify in court. Plaintiff said he was afraid of the suspect and concerned for his family. (Complaint, attached p. 2.) Defendant Officer Peskatela laughed and said other people had provided information in the case and were provided protection. Plaintiff was told as long as he cooperated he would be provided protection. (Id. at 2.)

Plaintiff was released in September 2008 and said he was not aware he would be called as a witness in the homicide case and not aware that his name would be given to the suspect through

discovery.

Plaintiff alleges in January 2009, when he was again arrested, he was placed in a housing unit at the Indio Jail with individuals who were connected to the suspect and was brutally attacked. (Id. at 4.) Plaintiff was stabbed and told it was because of his cooperation. Plaintiff alleges he learned that "jail staff were aware this paperwork (reports)" was in the possession the inmates. Defendants Sheriff's Deputy Diaz and Deputy Reicko said the attack was due to Plaintiff's name being on the reports. (Id. at 4.) Plaintiff alleges that had he known his name was in the discovery he would not have gone into the general population tank at the Indio Jail. Plaintiff alleges he should have been placed in protective custody.

Plaintiff has named the following Defendants in both their official and individual capacities: Indio Police Officer Chris Peskatela, Sheriff's Deputy Matt Diaz and Deputy Reicko. (Complaint at 3.)

Plaintiff seeks compensatory damages against each Defendant in the amount of $500,000 and punitive damages of $1.5 million. (Complaint at 6.)

**STANDARD OF REVIEW**

Because Plaintiff is seeking to proceed in forma pauperis, the Court shall review such a complaint "as soon as practicable after docketing." Pursuant to 28 U.S.C. § 1915(e)(2), the District Court is required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or

1  (3) seeks monetary relief from a defendant immune from such
2  relief.  28 U.S.C. § 1915(e)(2)(B) (re: all in forma pauperis
3  complaints).
4      A complaint may also be dismissed for lack of subject matter
5  jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1).  Neitzke v.
6  Williams, 490 U.S. 319, 327 n.6, 109 S.Ct. 1827 (1989)(unanimous
7  decision)(patently insubstantial complaint may be dismissed under
8  Rule 12(b)(1) for lack of subject matter jurisdiction.  When
9  considering a dismissal, a Court must accept as true all
10 allegations and material facts and must construe those facts in
11 a light most favorable to the plaintiff.  Resnick v. Hayes, 213
12 F.3d 443, 447 (9th Cir. 2000).  However, a "court [is not]
13 required to accept as true allegations that are merely
14 conclusory, unwarranted deductions of fact, or unreasonable
15 inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979,
16 988 (9th Cir. 2001).  Nor is a Court "bound to accept as true a
17 legal conclusion couched as a factual allegation."  Ashcroft v.
18 Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868
19 (2009).
20     "To survive a motion to dismiss, a complaint must contain
21 sufficient factual matter, accepted as true, to 'state a claim to
22 relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949
23 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127
24 S.Ct. 1955 (2007)).  "A claim has facial plausibility when the
25 plaintiff pleads factual content that allows the Court to draw
26 the reasonable inference that the defendant is liable for the
27 misconduct alleged."  Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d
28 868 (2009)(citing Twombly, 550 U.S. at 556.)  "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (Id.)  Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (Id. at 1950 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted).

In civil rights cases in which the Plaintiff appears pro se, the pleadings must be construed liberally, so as to afford the plaintiff the benefit of any doubt as to the potential validity of the claims asserted. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).  If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Noll v. Carlson, 809 F.2d 1446,

1448 (9th Cir. 1987).

## DISCUSSION

For all of the following reasons, the Complaint should be dismissed with leave to amend.

**A.   Section 1983 Requirements.**

In order to state a claim under section 1983, a plaintiff must allege that:  (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250 (1988); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986). Liability under section 1983 is predicated upon an affirmative link or connection between the defendants' actions and the claimed deprivations. See Rizzo v. Goode, 423 U.S. 362, 372-73, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

> A person deprives another of a constitutional right, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." [citation]   Indeed, the "requisite causal connection can be established not only by some kind of

6

```
            direct personal participation in the deprivation, but
            also by setting in motion a series of acts by others
            which the actor knows or reasonably should know would
            cause others to inflict the constitutional injury."
```
Johnson v. Duffy, 588 F.2d at 743-44.

Plaintiff's claims against Defendants are in their individual and official capacities. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's <u>personal involvement</u> in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1984); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

In order to allege facts sufficient to show a jurisdictional basis for imposing liability, see Franklin v. Murphy, 745 F.2d 1221, 1234 (9th Cir. 1984), Plaintiff must allege facts to show that the Defendant proximately caused the deprivation of rights of which Plaintiff complains, or that Defendant in a supervisory capacity failed to properly train or supervise personnel resulting in the alleged deprivation, [that the alleged deprivation resulted from official policy or custom for which Defendant was responsible], or that Defendant knew of the alleged misconduct and failed to act to prevent future misconduct.

A plaintiff "must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154, 119 S.Ct. 1058 (1999);

7

see Iqbal, 129 S.Ct. at 1950 (stating that a complaint must contain more than legal conclusions to withstand dismissal for failure to state a claim). Plaintiff is granted leave to allege specific facts explaining what each Defendant did or failed to do that constitutes cruel and unusual punishment in violation of the Eighth Amendment.

      **B.**    **The Allegations Of The Complaint Are Insufficient to State An Eighth Amendment Deliberate Indifference Claim Against Defendants**.

A prisoner may state a § 1983 claim under the Eighth and Fourteenth Amendments against prison officials where the officials acted with "deliberate indifference" to the threat of serious harm or injury by another prisoner. See, Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1988); Franklin v. Oregon, 662 F.2d 1337, 1347 (9th Cir. 1981)(and cases cited infra). The "deliberate indifference" standard requires a finding of some degree of "individual culpability," but does not require an express intent to punish. Haygood v. Younger, 769 F.2d 1350, 1354-55 (9th Cir. 1985). The standard does not require that the guard or official "believed to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault. But on the other hand, he must have more than a mere suspicion that an attack will occur." State Bank of St. Charles v. Camic, 712 F.2d 1140, 1146 (7th Cir.), quoting Vun Cannon v. Breed, 391 F.Supp. 1371, 1374-75 (N.D. Cal. 1975), cert. denied, 464 U.S. 995 (1983).

1    In <u>Farmer v. Brennan</u>, 511 U.S. 825, 827 (1994), the court
2 held that to make out a claim of deliberate indifference to the
3 threat of serious harm or injury by another prisoner, the
4 Plaintiff must assert first that the deprivation of his or her
5 rights was "objectively, sufficiently serious." Where the claim
6 is predicated upon the failure to protect, the deprivation is
7 deemed to be sufficiently serious if there was a substantial risk
8 that the prisoner would suffer serious harm. <u>Id</u>. at 834.
9    Prison officials violate the Eighth and Fourteenth
10 Amendments if they are aware of a substantial danger of future
11 assault to a prisoner but fail to take reasonable ameliorative
12 measures. <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994). A prison
13 official cannot be found liable under the Eighth Amendment for
14 inhumane conditions of confinement "unless the official knows of
15 and disregards an excessive risk to inmate health or safety; the
16 official must both be aware of the facts from which the inference
17 could be drawn that a substantial risk of serious harm exists,
18 and he must also draw the inference." <u>Id</u>. at 830. In an action
19 under § 1983 against state prison officials, the officials are
20 liable if they act with "deliberate indifference" to the
21 prisoner's plight. <u>Berg v. Kincheloe</u>, 794 F.2d 457, 460 (9th
22 Cir. 1986).
23    Liability may be imposed on an individual defendant under §
24 1983 only if the plaintiff can show that the defendant
25 proximately caused the deprivations of his federally protected
26 rights of which he complains. <u>Leer v. Murphy</u>, 844 F.2d 628, 634
27 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125
28 (9th Cir. 1981). Respondeat superior is not a sufficient basis

9

for imposing liability under § 1983. <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 663-64 n. 7 (1978). State officials are not subject to suit under § 1983 unless they play an affirmative part in the alleged deprivation. <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987).

Plaintiff must plead more than a merely negligent act by an official in order to state a colorable claim under § 1983. Plaintiff has failed to set forth specific information indicating that Defendants knew of the possibility of an attack upon Plaintiff or the threat of serious harm or injury to Plaintiff. The allegations of the Complaint are insufficient to state a federal civil rights claim upon which relief can be granted.

**C.** **<u>Defendants Are Immune From Liability In Their Official Capacities</u>**.

In <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. <u>See</u>, 491 U.S. at 664-66. Further, the Eleventh Amendment bars Plaintiff's claims for damages from the named defendants in their official capacities. See <u>Doe v. Lawrence Livermore Nat'l. Lab.</u>, 131 F.3d 836, 839 (9th Cir. 1997); <u>Eaglesmith v. Ward</u>, 73 F.3d 857, 859 (9th Cir. 1996); <u>Pena v. Gardner</u>, 976 F.2d 469, 472 (1992).

## **CONCLUSION AND ORDER**

In an abundance of caution, Plaintiff will be afforded an opportunity to amend his Complaint to attempt to overcome the

defects discussed above.  Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's Complaint is dismissed with leave to amend; (2) the Court Clerk is directed to send Plaintiff a civil rights form utilized by the Central District of California; and (3) Plaintiff is granted 30 days from the date of this Order within which to file a "First Amended Complaint."  The First Amended Complaint must be complete within itself and shall not incorporate by reference any portion of the original Complaint.  Plaintiff may not add new parties without leave of the Court.  Plaintiff must demonstrate that exhaustion of remedies has been accomplished.  Failure to comply with the requirements set forth in this Order may result in a recommendation that this action be dismissed with prejudice.

DATED: October 18, 2011          /s/
                                 VICTOR B. KENTON
                                 UNITED STATES MAGISTRATE JUDGE