UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CESAR GARCIA,<br><br>      Plaintiff,<br><br>   v.<br><br>CHRIS PESKATELA, et al.,<br><br>      Defendants. | No. ED CV 11-01588-JAK (VBK)<br><br>ORDER RE DISMISSAL OF FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

Pro se Plaintiff Cesar Garcia (hereinafter referred to as "Plaintiff") filed a Complaint for "Civil Rights Pursuant to 42 U.S.C. § 1983" on October 11, 2011, pursuant to the Court's Order re Leave to File Action Without Prepayment of Full Filing Fee.

On October 18, 2011 the Court issued an Order re Dismissal with Leave to Amend.

On October 27, 2011 Plaintiff filed a First Amended Complaint.

**FACTUAL SUMMARY**

Plaintiff has named as Defendants Indio Police Officer Chris

Peskatela and Sheriff Deputies Matt Diaz and Reicko in their official capacities. (First Amended Complaint at 3) Plaintiff alleges that Defendants' actions were unprofessional, negligent and unlawful. Id.

Plaintiff alleges that Defendant Officer Peskatela questioned Plaintiff at North Kern State Prison in November of 2005 regarding a high profile murder case. Plaintiff alleges he cooperated with the detectives and stated that he feared for his and his family's well being. (First Amended Complaint, attached page) Plaintiff alleges that he strongly believes that Defendant Officer Peskatela disregarded Plaintiff's safety based on a 15-year vendetta against him. Id. Plaintiff alleges that Defendant Officer Peskatela violated Plaintiff's rights by failing to place him as a protected witness. (First Amended Complaint at 3, 5, attached page.)

Plaintiff alleges in January 2009 he was housed in the Indio Jail Unit Tank #4 where he was brutally and severely attacked by 10 inmates (attached page). Plaintiff alleges that certain court documents were distributed to his attackers which listed Plaintiff as a main witness in a high profile murder case. Plaintiff had no knowledge of the documents' existence until the day of the assault. Plaintiff alleges that several inmates brought it to Defendant Deputy Diaz' attention that he should know why the assault happened. Plaintiff alleges Defendant Deputy Diaz was unprofessional and negligent and lacked concern for Plaintiff's safety. Plaintiff also alleges that Defendant Deputy Reicko did nothing to protect Plaintiff from threats. (Attached pages)

1    Plaintiff alleges in March of 2009, Defendant Deputy Reicko
2 approached Plaintiff along with Defendant Deputy Diaz asking
3 questions about an ongoing investigation. Defendants Deputy Diaz
4 and Deputy Reicko mocked Plaintiff and ridiculed him regarding
5 the prior assault. Plaintiff alleges Defendant Deputy Reicko has
6 been negligent and unprofessional and lacks concern for
7 Plaintiff's safety.

## STANDARD OF REVIEW

10    Because Plaintiff is seeking to proceed in forma pauperis,
11 the Court shall review such a complaint "as soon as practicable
12 after docketing." Pursuant to 28 U.S.C. § 1915(e)(2), the
13 District Court is required to dismiss a complaint if the Court
14 finds that the complaint (1) is legally frivolous or malicious,
15 (2) fails to state a claim upon which relief may be granted, or
16 (3) seeks monetary relief from a defendant immune from such
17 relief. 28 U.S.C. § 1915(e)(2)(B) (re: all in forma pauperis
18 complaints).
19    A complaint may also be dismissed for lack of subject matter
20 jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). Neitzke v.
21 Williams, 490 U.S. 319, 327 n.6, 109 S.Ct. 1827 (1989)(unanimous
22 decision)(patently insubstantial complaint may be dismissed under
23 Rule 12(b)(1) for lack of subject matter jurisdiction. When
24 considering a dismissal, a Court must accept as true all
25 allegations and material facts and must construe those facts in
26 a light most favorable to the plaintiff. Resnick v. Hayes, 213
27 F.3d 443, 447 (9th Cir. 2000). However, a "court [is not]
28 required to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a Court "bound to accept as true a legal conclusion couched as a factual allegation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(citing <u>Twombly</u>, 550 U.S. at 556.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (<u>Id</u>.) Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555). The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (<u>Id</u>. at 1950 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets

omitted).

In civil rights cases in which the Plaintiff appears <u>pro se</u>, the pleadings must be construed liberally, so as to afford the plaintiff the benefit of any doubt as to the potential validity of the claims asserted. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988). If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000). A <u>pro se</u> litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. <u>Lopez</u>, 203 F.3d at 1130-31; <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

## **DISCUSSION**

For all of the following reasons, the First Amended Complaint should be dismissed with leave to amend.

**A.   Section 1983 Requirements**.

In order to state a claim under section 1983, a plaintiff must allege that: (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. <u>West v. Atkins</u>, 487 U.S. 42, 108 S.Ct. 2250 (1988); <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621,

624 (9th Cir. 1988); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986). Liability under section 1983 is predicated upon an affirmative link or connection between the defendants' actions and the claimed deprivations. See Rizzo v. Goode, 423 U.S. 362, 372-73, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

> A person deprives another of a constitutional right, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." [citation] Indeed, the "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."

Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

In order to allege facts sufficient to show a jurisdictional basis for imposing liability, see Franklin v. Murphy, 745 F.2d 1221, 1234 (9th Cir. 1984), Plaintiff must allege facts to show that the Defendant proximately caused the deprivation of rights of which Plaintiff complains, or that Defendant in a supervisory capacity failed to properly train or supervise personnel resulting in the alleged deprivation, [that the alleged deprivation resulted from official policy or custom for which

6

1  Defendant was responsible], or that Defendant knew of the alleged
2  misconduct and failed to act to prevent future misconduct.
3      A plaintiff "must allege facts, not simply conclusions, that
4  show an individual was personally involved in the deprivation of
5  his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th
6  Cir. 1998), cert. denied, 525 U.S. 1154, 119 S.Ct. 1058 (1999);
7  see Iqbal, 129 S.Ct. at 1950 (stating that a complaint must
8  contain more than legal conclusions to withstand dismissal for
9  failure to state a claim).
10     Here, Plaintiff alleges in November 2005 he was contacted by
11 Defendant homicide Detective Peskatela and questioned regarding
12 a high profile murder investigation.  Plaintiff has failed to set
13 forth any facts setting forth an Eighth Amendment claim based on
14 Defendant Officer Peskatela's failure to prevent harm.
15 Plaintiff's interaction with Defendant Detective Peskatela took
16 place approximately four years prior to the alleged attack.
17 Accordingly, Defendant Peskatela should be dismissed.

19     **B.   The Allegations Of The First Amended Complaint Are**
20         **Insufficient to State An Eighth Amendment Deliberate**
21         **Indifference Claim Against Defendants**.
22     A prisoner may state a § 1983 claim under the Eighth and
23 Fourteenth Amendments against prison officials where the
24 officials acted with "deliberate indifference" to the threat of
25 serious harm or injury by another prisoner. See, Hoptowit v.
26 Ray, 682 F.2d 1237, 1250 (9th Cir. 1988); Franklin v. Oregon, 662
27 F.2d 1337, 1347 (9th Cir. 1981)(and cases cited infra).  The
28 "deliberate indifference" standard requires a finding of some

degree of "individual culpability," but does not require an express intent to punish. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354-55 (9th Cir. 1985).  The standard does not require that the guard or official "believed to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault.  But on the other hand, he must have more than a mere suspicion that an attack will occur." <u>State Bank of St. Charles v. Camic</u>, 712 F.2d 1140, 1146 (7th Cir.), quoting <u>Vun Cannon v. Breed</u>, 391 F.Supp. 1371, 1374-75 (N.D. Cal. 1975), <u>cert. denied</u>, 464 U.S. 995 (1983).

In <u>Farmer v. Brennan</u>, 511 U.S. 825, 827, 114 S.Ct. 1970 (1994), the court held that to make out a claim of deliberate indifference to the threat of serious harm or injury by another prisoner, the Plaintiff must assert first that the deprivation of his or her rights was "objectively, sufficiently serious." Where the claim is predicated upon the failure to protect, the deprivation is deemed to be sufficiently serious if there was a substantial risk that the prisoner would suffer serious harm. <u>Id</u>. at 834.

Prison officials violate the Eighth and Fourteenth Amendments if they are aware of a substantial danger of future assault to a prisoner but fail to take reasonable ameliorative measures. <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994). A prison official cannot be found liable under the Eighth Amendment for inhumane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 830.  In an action under § 1983 against state prison officials, the officials are liable if they act with "deliberate indifference" to the prisoner's plight. Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986).

Liability may be imposed on an individual defendant under § 1983 only if the plaintiff can show that the defendant proximately caused the deprivations of his federally protected rights of which he complains. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  Respondeat superior is not a sufficient basis for imposing liability under § 1983. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 663-64 n. 7 (1978). State officials are not subject to suit under § 1983 unless they play an affirmative part in the alleged deprivation. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

Plaintiff must plead more than a merely negligent act by an official in order to state a colorable claim under § 1983. Plaintiff alleges that he was in the Indio Jail Unit tank #4 for approximately 45 days prior to the attack.  Plaintiff has failed to set forth specific information indicating that Defendants Diaz and Reicko knew of the possibility of an attack upon Plaintiff or the threat of serious harm or injury to Plaintiff.  The allegations of the First Amended Complaint are insufficient to state a federal civil rights claim upon which relief can be granted.

Further, from the face of the First Amended Complaint it

does not appear that Plaintiff attempted to exhaust his administrative remedies prior to filing his lawsuit.

### C. **Defendants Are Immune From Liability In Their Official Capacities**.

In Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. See, 491 U.S. at 664-66. Further, the Eleventh Amendment bars Plaintiff's claims for damages from the named defendants in their official capacities. See Doe v. Lawrence Livermore Nat'l. Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (1992). Here, Defendants should be dismissed in their official capacities.

### CONCLUSION AND ORDER

In an abundance of caution, Plaintiff will be afforded an opportunity to amend his Complaint to attempt to overcome the defects discussed above. Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's First Amended Complaint is dismissed with leave to amend; (2) the Court Clerk is directed to send Plaintiff a civil rights form utilized by the Central District of California; and (3) Plaintiff is granted 30 days from the date of this Order within which to file a "Second Amended Complaint." The Second Amended Complaint must be complete within itself and shall not incorporate by reference any portion of the original Complaint. Plaintiff may not add new parties without leave of the Court.

Plaintiff must demonstrate that exhaustion of remedies has been accomplished. Failure to comply with the requirements set forth in this Order may result in a recommendation that this action be dismissed with prejudice.

DATED: March 14, 2012          /s/
                               VICTOR B. KENTON
                               UNITED STATES MAGISTRATE JUDGE