1
2
3
4
5
6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CESAR GARCIA, | )  No. ED CV 11-01588-JAK (VBK) |
| Plaintiff, | )  ORDER RE DISMISSAL OF FIRST |
| v. | )  AMENDED COMPLAINT WITH |
| | )  LEAVE TO AMEND |
| CHRIS PESKATELA, et al., | ) |
| Defendants. | ) |

_____ )

Pro se Plaintiff Cesar Garcia (hereinafter referred to as "Plaintiff") filed a Complaint for "Civil Rights Pursuant to 42 U.S.C. § 1983" on October 11, 2011, pursuant to the Court's Order re Leave to File Action Without Prepayment of Full Filing Fee.

On October 18, 2011 the Court issued an Order re Dismissal with Leave to Amend.

On October 27, 2011 Plaintiff filed a First Amended Complaint.

**FACTUAL SUMMARY**

Plaintiff has named as Defendants Indio Police Officer Chris

1

Peskatela and Sheriff Deputies Matt Diaz and Reicko in their official capacities. (First Amended Complaint at 3) Plaintiff alleges that Defendants' actions were unprofessional, negligent and unlawful. Id.

Plaintiff alleges that Defendant Officer Peskatela questioned Plaintiff at North Kern State Prison in November of 2005 regarding a high profile murder case. Plaintiff alleges he cooperated with the detectives and stated that he feared for his and his family's well being. (First Amended Complaint, attached page) Plaintiff alleges that he strongly believes that Defendant Officer Peskatela disregarded Plaintiff's safety based on a 15-year vendetta against him. Id. Plaintiff alleges that Defendant Officer Peskatela violated Plaintiff's rights by failing to place him as a protected witness. (First Amended Complaint at 3, 5, attached page.)

Plaintiff alleges in January 2009 he was housed in the Indio Jail Unit Tank #4 where he was brutally and severely attacked by 10 inmates (attached page). Plaintiff alleges that certain court documents were distributed to his attackers which listed Plaintiff as a main witness in a high profile murder case. Plaintiff had no knowledge of the documents' existence until the day of the assault. Plaintiff alleges that several inmates brought it to Defendant Deputy Diaz' attention that he should know why the assault happened. Plaintiff alleges Defendant Deputy Diaz was unprofessional and negligent and lacked concern for Plaintiff's safety. Plaintiff also alleges that Defendant Deputy Reicko did nothing to protect Plaintiff from threats. (Attached pages)

Plaintiff alleges in March of 2009, Defendant Deputy Reicko approached Plaintiff along with Defendant Deputy Diaz asking questions about an ongoing investigation. Defendants Deputy Diaz and Deputy Reicko mocked Plaintiff and ridiculed him regarding the prior assault. Plaintiff alleges Defendant Deputy Reicko has been negligent and unprofessional and lacks concern for Plaintiff's safety.

**STANDARD OF REVIEW**

Because Plaintiff is seeking to proceed <u>in forma pauperis</u>, the Court shall review such a complaint "as soon as practicable after docketing." Pursuant to 28 U.S.C. § 1915(e)(2), the District Court is required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (re: all <u>in forma pauperis</u> complaints).

A complaint may also be dismissed for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 n.6, 109 S.Ct. 1827 (1989)(unanimous decision)(patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. When considering a dismissal, a Court must accept as true all allegations and material facts and must construe those facts in a light most favorable to the plaintiff. <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000). However, a "court [is not] required to accept as true allegations that are merely

3

conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a Court "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(citing Twombly, 550 U.S. at 556.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (Id.) Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (Id. at 1950 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets

4

omitted).

In civil rights cases in which the Plaintiff appears <u>pro se</u>, the pleadings must be construed liberally, so as to afford the plaintiff the benefit of any doubt as to the potential validity of the claims asserted.  <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988).  If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  A <u>pro se</u> litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment.  <u>Lopez</u>, 203 F.3d at 1130-31; <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

<u>**DISCUSSION**</u>

For all of the following reasons, the First Amended Complaint should be dismissed with leave to amend.

**A.   <u>Section 1983 Requirements</u>**.

In order to state a claim under section 1983, a plaintiff must allege that:  (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  <u>West v. Atkins</u>, 487 U.S. 42, 108 S.Ct. 2250 (1988); <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621,

1  624 (9th Cir. 1988); <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th
2  Cir. 1985) (en banc), <u>cert. denied</u>, 478 U.S. 1020 (1986).
3  Liability under section 1983 is predicated upon an affirmative
4  link or connection between the defendants' actions and the
5  claimed deprivations.  See <u>Rizzo v. Goode</u>, 423 U.S. 362, 372-73,
6  96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
7  1980).

8          A person deprives another of a constitutional
9       right, where that person "does an affirmative act,
10       participates in another's affirmative acts, or omits to
11       perform an act which [that person] is legally required
12       to do that causes the deprivation of which complaint is
13       made." [citation]   Indeed, the "requisite causal
14       connection can be established not only by some kind of
15       direct personal participation in the deprivation, but
16       also by setting in motion a series of acts by others
17       which the actor knows or reasonably should know would
18       cause others to inflict the constitutional injury."
19  <u>Johnson v. Duffy</u>, 588 F.2d 740,743-44 (9th Cir. 1978).

20

21      In order to allege facts sufficient to show a jurisdictional
22  basis for imposing liability, <u>see</u> <u>Franklin v. Murphy</u>, 745 F.2d
23  1221, 1234 (9th Cir. 1984), Plaintiff must allege facts to show
24  that the Defendant proximately caused the deprivation of rights
25  of which Plaintiff complains, or that Defendant in a supervisory
26  capacity failed to properly train or supervise personnel
27  resulting in the alleged deprivation, [that the alleged
28  deprivation resulted from official policy or custom for which

                                6

Defendant was responsible], or that Defendant knew of the alleged misconduct and failed to act to prevent future misconduct.

A plaintiff "must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil rights." <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1154, 119 S.Ct. 1058 (1999); <u>see</u> <u>Iqbal</u>, 129 S.Ct. at 1950 (stating that a complaint must contain more than legal conclusions to withstand dismissal for failure to state a claim).

Here, Plaintiff alleges in November 2005 he was contacted by Defendant homicide Detective Peskatela and questioned regarding a high profile murder investigation.  Plaintiff has failed to set forth any facts setting forth an Eighth Amendment claim based on Defendant Officer Peskatela's failure to prevent harm. Plaintiff's interaction with Defendant Detective Peskatela took place approximately four years prior to the alleged attack. Accordingly, Defendant Peskatela should be dismissed.

    **B.**     <u>**The Allegations Of The First Amended Complaint Are Insufficient to State An Eighth Amendment Deliberate Indifference Claim Against Defendants**</u>.

A prisoner may state a § 1983 claim under the Eighth and Fourteenth Amendments against prison officials where the officials acted with "deliberate indifference" to the threat of serious harm or injury by another prisoner.  <u>See</u>, <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1250 (9th Cir. 1988); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1347 (9th Cir. 1981)(and cases cited <u>infra</u>).  The "deliberate indifference" standard requires a finding of some

degree of "individual culpability," but does not require an express intent to punish. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354-55 (9th Cir. 1985). The standard does not require that the guard or official "believed to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault. But on the other hand, he must have more than a mere suspicion that an attack will occur." <u>State Bank of St. Charles v. Camic</u>, 712 F.2d 1140, 1146 (7th Cir.), quoting <u>Vun Cannon v. Breed</u>, 391 F.Supp. 1371, 1374-75 (N.D. Cal. 1975), <u>cert. denied</u>, 464 U.S. 995 (1983).

In <u>Farmer v. Brennan</u>, 511 U.S. 825, 827, 114 S.Ct. 1970 (1994), the court held that to make out a claim of deliberate indifference to the threat of serious harm or injury by another prisoner, the Plaintiff must assert first that the deprivation of his or her rights was "objectively, sufficiently serious." Where the claim is predicated upon the failure to protect, the deprivation is deemed to be sufficiently serious if there was a substantial risk that the prisoner would suffer serious harm. <u>Id</u>. at 834.

Prison officials violate the Eighth and Fourteenth Amendments if they are aware of a substantial danger of future assault to a prisoner but fail to take reasonable ameliorative measures. <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994). A prison official cannot be found liable under the Eighth Amendment for inhumane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference

8

1  could be drawn that a substantial risk of serious harm exists,
2  and he must also draw the inference." <u>Id</u>. at 830.  In an action
3  under § 1983 against state prison officials, the officials are
4  liable if they act with "deliberate indifference" to the
5  prisoner's plight.  <u>Berg v. Kincheloe</u>, 794 F.2d 457, 460 (9th
6  Cir. 1986).

7      Liability may be imposed on an individual defendant under §
8  1983 only if the plaintiff can show that the defendant
9  proximately caused the deprivations of his federally protected
10  rights of which he complains.  <u>Leer v. Murphy</u>, 844 F.2d 628, 634
11  (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125
12  (9th Cir. 1981).  Respondeat superior is not a sufficient basis
13  for imposing liability under § 1983.  <u>Monell v. New York City</u>
14  <u>Dept. of Social Services</u>, 436 U.S. 658, 663-64 n. 7 (1978).
15  State officials are not subject to suit under § 1983 unless they
16  play an affirmative part in the alleged deprivation.  <u>King v.</u>
17  <u>Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987).

18      Plaintiff must plead more than a merely negligent act by an
19  official in order to state a colorable claim under § 1983.
20  Plaintiff alleges that he was in the Indio Jail Unit tank #4 for
21  approximately 45 days prior to the attack.  Plaintiff has failed
22  to set forth specific information indicating that Defendants Diaz
23  and Reicko knew of the possibility of an attack upon Plaintiff or
24  the threat of serious harm or injury to Plaintiff. The
25  allegations of the First Amended Complaint are insufficient to
26  state a federal civil rights claim upon which relief can be
27  granted.

28      Further, from the face of the First Amended Complaint it

9

1   does not appear that Plaintiff attempted to exhaust his

2   administrative remedies prior to filing his lawsuit.

3

4       **C.    <u>Defendants Are Immune From Liability In Their Official</u>**

5           **<u>Capacities</u>**.

6       In <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58

7   (1989), the Supreme Court held that states, state agencies, and

8   state officials sued in their official capacities are not persons

9   subject to civil rights suits under 42 U.S.C. § 1983. <u>See</u>, 491

10  U.S. at 664-66. Further, the Eleventh Amendment bars Plaintiff's

11  claims for damages from the named defendants in their official

12  capacities. <u>See</u> <u>Doe v. Lawrence Livermore Nat'l. Lab.</u>, 131 F.3d

13  836, 839 (9th Cir. 1997); <u>Eaglesmith v. Ward</u>, 73 F.3d 857, 859

14  (9th Cir. 1996); <u>Pena v. Gardner</u>, 976 F.2d 469, 472 (1992). Here,

15  Defendants should be dismissed in their official capacities.

16

17                    <u>**CONCLUSION AND ORDER**</u>

18      In an abundance of caution, Plaintiff will be afforded an

19  opportunity to amend his Complaint to attempt to overcome the

20  defects discussed above. Accordingly, **IT IS HEREBY ORDERED**: (1)

21  Plaintiff's First Amended Complaint is dismissed with leave to

22  amend; (2) the Court Clerk is directed to send Plaintiff a civil

23  rights form utilized by the Central District of California; and

24  (3) Plaintiff is granted 30 days from the date of this Order

25  within which to file a "Second Amended Complaint." The Second

26  Amended Complaint must be complete within itself and shall not

27  incorporate by reference any portion of the original Complaint.

28  Plaintiff may not add new parties without leave of the Court.

1    Plaintiff must demonstrate that exhaustion of remedies has been

2    accomplished. Failure to comply with the requirements set forth

3    in this Order may result in a recommendation that this action be

4    dismissed with prejudice.

5

6    DATED: March 14, 2012            _____/s/_____
                                      VICTOR B. KENTON
7                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28